JUDGE ENGELMAYER

 

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAUDIA RODRIGUEZ, KRISTIN EWING and
JEREMIAH STANFIELD, Individually, On Behalf of All
Others Similarly Situated and As Class Representatives,

Plaintiffs,

-against-

723 EDIBLES, INC. D/B/A TSQ BRASSERIE, DAVID
EDIBLES, INC. D/B/A ROXY DELICATESSEN,
COCO'S DELI, INC. D/B/A BENASH
DELICATESSEN, FAMOUS TIMES SQUARE BBQ,
LLC D/B/A FAMOUS DAVE'S, 42ND ST BARBECUE,
LLC D/B/A FAMOUS DAVE'S, 55TH ST.
ENTERPRISES LLC D/B/A CITY 55/FIFTY FIVE,
JOSEPH BENMOHA, SAMMY BENMOHA, JACOB
BENMOHA, SOLOMON BENMOHA and MARIE
BENMOHA,

Defendants.

---

**COMPLAINT**

**12 Civ. _____ ( ) ( )**

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

**ECF CASE**



Plaintiffs Claudia Rodriguez, Kristin Ewing and Jeremiah Stanfield ("plaintiffs"),

individually, on behalf of all others similarly situated and as class representatives, by their attorneys,

Lipman & Plesur, LLP, complain of defendants 723 Edibles, Inc., d/b/a TSQ Brasserie and formerly

d/b/a Maxie's Delicatessen, David Edibles, Inc. d/b/a Roxy Delicatessen, Coco's Deli, Inc. d/b/a

Benash Delicatessen, Famous Times Square BBQ, LLC d/b/a Famous Dave's, 42nd St Barbecue,

LLC d/b/a Famous Dave's, 55th St. Enterprises LLC d/b/a City 55/Fifty Five (collectively referred to

as "defendant companies"), Joseph Benmoha, Sammy Benmoha, Jacob Benmoha, Solomon

Benmoha and Marie Benmoha (with defendant companies collectively referred to as "defendants"),

as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs complain on behalf of themselves, and other current and former employees of defendants who worked as servers, runners, bussers, bartenders, line cooks, prep cooks, dishwashers, assistant chefs or in other similarly situated titles who may elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), that they are owed: (i) minimum wages; (ii) overtime premium pay; (iii) earned and improperly retained gratuities for appropriate service workers; and (iv) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "FLSA").

2.      Plaintiffs further complain on behalf of themselves, and a putative class of other similarly situated current and former employees of defendants who worked as servers, runners, bussers, bartenders, line cooks, prep cooks, dishwashers, assistant chefs or in other similar titles pursuant to Fed. R. Civ. Proc. 23, that they are owed additional wages from defendants for failure to pay minimum wages and overtime premium pay under the New York State Minimum Wage Order for the Hospitality Industry, N.Y. Comp. Codes R. & Regs., Title 12 § 146 and the previous Title 12 § 137 *et seq.*, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (hereinafter collectively referred to as the "NYLL").   Additional wages are also owed because: (i) gratuities and service charges were unlawfully misdirected to management or otherwise not paid to the appropriate service workers in violation of NYLL; and (ii) plaintiffs were entitled to one hour's pay at the basic minimum wage rate (in addition to the minimum and overtime wages to which they are entitled to under NYLL) for every day they worked in which the "spread of hours" for that day exceeds ten hours.

2

## JURISDICTION AND VENUE

3.      Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4.      The venue of this action is proper because the events or omissions giving rise to the claims occurred primarily within, and defendants conduct business within, the Southern District of New York.

## PARTIES

5.      Plaintiff Claudia Rodriguez ("Plaintiff Rodriguez") is an adult individual residing in New York County, New York.  Plaintiff Rodriguez was employed by defendants as a server from in or about October 2011 to late December 2011.

6.      Plaintiff Kristin Ewing ("Plaintiff Ewing") is an adult individual residing in New York County, New York.  Plaintiff Ewing was employed by defendants as a server from in or about March 2011 to on or about February 29, 2012.

7.      Plaintiff Jeremiah Stanfield ("Plaintiff Stanfield") is an adult individual residing in Kings County, New York.  Plaintiff Stanfield was employed by defendants as a runner/server from in or about October 2011 to on or about February 25, 2012.

8.      Upon information and belief, 723 Edibles, Inc., ("Defendant Company"), is a domestic corporation organized and subject to the laws of New York State.

9.      Upon information and belief, David Edibles, Inc., ("Defendant Company"), is

3

a domestic corporation organized and subject to the laws of New York State.

10.     Upon information and belief, Coco's Deli, Inc., ("Defendant Company"), is a domestic corporation organized and subject to the laws of New York State.

11.     Upon information and belief, Famous Times Square BBQ, LLC, ("Defendant Company"), is a domestic limited liability company organized and subject to the laws of New York State.

12.     Upon information and belief, 42nd St Barbecue, LLC, ("Defendant Company"), is a domestic limited liability company organized and subject to the laws of New York State.

13.     Upon information and belief, 55th St. Enterprises LLC, ("Defendant Company"), is a domestic limited liability company organized and subject to the laws of New York State.

14.     Upon information and belief, defendant Joseph Benmoha ("Defendant Joseph Benmoha") serves as an owner and officer of at least one of defendant companies and is hereby sued individually and in his capacity as an owner, officer, joint employer and/or agent of defendants and resides in New York.

15.     Upon information and belief, defendant Sammy Benmoha ("Defendant Sammy Benmoha") serves as an owner and officer of at least one of defendant companies and is hereby sued individually and in his capacity as an owner, officer, joint employer and/or agent of defendants and resides in New York.

16.     Upon information and belief, defendant Jacob Benmoha ("Defendant Jacob Benmoha") serves as an owner and officer of at least one of defendant companies and is hereby sued individually and in his capacity as an owner, officer, joint employer and/or agent of defendants and

4

resides in New York.

17.    Upon information and belief, defendant Solomon Benmoha ("Defendant Solomon Benmoha") serves as an owner and officer of at least one of defendant companies and is hereby sued individually and in his capacity as an owner, officer, joint employer and/or agent of defendants and resides in New York.

18.    Upon information and belief, defendant Marie Benmoha ("Defendant Marie Benmoha") serves as an owner and officer of at least one of defendant companies and is hereby sued individually and in his capacity as an owner, officer, joint employer and/or agent of defendants and resides in New York.

19.    Upon information and belief and according to the website benmohagroup.com, the Benmoha Group is owned and managed by the Benmoha family.

20.    Upon information and belief, defendants own and operate the defendant restaurants under an umbrella group called the Benmoha Group or Benmoha Restaurant Group. Defendants refer to their restaurants as "Benmoha Restaurants," even designating one as its "Flag Ship" and another as "The first and original New York restaurant for Benmoha Group."

21.    Upon information and belief, defendants act in partnership with each other to operate and manage the restaurants.

22.    At all times relevant, defendants were covered by the FLSA and the NYLL.

23.    Upon information and belief, the individual defendants are the principals, agents, partners, joint venturers, controlling shareholders of the defendant companies, and/or were engaged with each other in a joint enterprise for profit, and bore such other relationships to the other defendants so as to be liable for their conduct.

24.     Upon information and belief, individual defendants had responsibility for the defendant companies' wage-hour policies and practices.

25.     Defendants have maintained a common policy and practice of, *inter alia*: (a) not properly distributing tips and service charges to appropriate service workers; (b) not paying overtime premium pay for work in excess of forty (40) hours a week; (c) not paying for all work time; (d) misdirecting tips to members of management and agents of defendants; and, (e) failing to pay "spread of hours" wages as required by law.

26.     At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

27.     Defendants operate a restaurant called TSQ Brasserie (formerly called Maxie's Delicatessen) which is located at 723 Seventh Avenue, New York, New York 10019.

28.     Defendants operate a restaurant called Roxy Delicatessen which is located at 1565 Broadway, New York, NY 10036.

29.     Defendants operate a restaurant called Benash Delicatessen which is located at 857 7th Avenue, New York, NY  10019

30.     Defendants operate a restaurant called Famous Dave's which is located at 171 West 47th Street, New York, NY 10036.

31.     Defendants operate a restaurant called Famous Dave's which is located at 234 West 42nd Street, New York, NY 10036.

32.     Defendants operate a restaurant called City 55/Fifty Five which is located at 47 West 55th Street, New York, NY 10019.

33.     Upon  information  and  belief,  defendant  companies  jointly  maintain

employment and other records and documents.

34.    Upon information and belief, the gross annual volume of sales made or business done by defendants was not less than $500,000.

35.    At all relevant times, defendants were plaintiffs' employer within the meaning of the FLSA and NYLL.

36.    Individual defendants had the power to hire and fire plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for plaintiffs' services.

37.    Upon information and belief, defendants jointly managed employment records and operations and are plaintiffs and their similarly situated co-workers' joint employers.

38.    Defendants operated as a single enterprise.

39.    Upon information and belief, defendants shared common labor policies and practices.

40.    The named plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated who may opt-in to this action under the FLSA are those who are and/or were employed at defendants at any time after March 26, 2006.

## CLASS ALLEGATIONS

41.    Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

42.    Plaintiffs bring this Class action on behalf of all persons employed by defendants as servers, runners, bussers, bartenders, line cooks, prep cooks, dishwashers, assistant

chefs or other similar titles at any time after March 26, 2006 to the present (the "class period") who:
(a) were not paid overtime premium pay for all hours worked in excess of forty (40) per workweek;
(b) were not compensated for all hours worked; (c) were not paid the minimum wage; (d) were not
provided with all earned tips and service charges where applicable; (e) were not paid one hour's pay
at the basic minimum hourly wage rate for every day they worked in which the "spread of hours" for
that day exceeded ten hours; and/or (f) were subjected to unlawful deductions from wages.

43.     The employees in the Class identified above are so numerous that joinder of
all members is impracticable. Although the precise number of such employees is unknown, and facts
on which the calculation of that number are presently within the sole control of defendants, upon
information and belief, there are believed to be at least forty (40) members of the Class during the
class period. There are questions of law and fact common to the Class that predominate over any
questions affecting only individual members. The claims of the representative party are typical of
the claims of the Class.

44.     The representative parties will fairly and adequately protect the interests of the
Class. A class action is superior to other available methods for the fair and efficient adjudication of
the controversy, particularly in the context of wage and hour litigation where individual plaintiffs
may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

45.     There are questions of law and fact common to this Class which predominate
over any questions solely affecting individual members of the Class, including: (a) whether
defendants failed to compensate plaintiffs for all hours worked within the meaning of the NYLL; (b)
whether defendants failed to pay plaintiffs overtime premium pay for hours worked in excess of forty
(40) per workweek within the meaning of the NYLL; (c) whether defendants failed to pay plaintiffs

and their similarly situated co-workers, as applicable, their earned gratuities and service charges and/or unlawfully misdirected a portion of the gratuities and/or service charges to management; (d) whether defendants failed to pay plaintiffs and their similarly situated co-workers their "spread of hours" pay, and, (e) whether defendants subjected plaintiffs to unlawful and improper deductions from pay.

## FACTS

46.     Plaintiffs and their similarly situated co-workers were not paid for all hours worked or the minimum wage.  Plaintiffs and their similarly situated co-workers were regularly "shorted" hours and the paychecks did not accurately reflect hours worked by the plaintiffs so that there was work time that was not compensated at all.

47.     Upon information and belief, at times, defendants failed to pay the hourly wages for entire shifts.

48.     Upon information and belief, there was no time-keeping system in place at all prior to approximately March 1, 2011.  Subsequently, plaintiffs clocked in and out; however, it was well known that the managers did not rely on the time records to determine the number of hours worked by each plaintiff.

49.     Upon information and belief, plaintiffs were required to be on premises and ready to work 15 minutes ahead of their scheduled start time but were not compensated for such time.

50.     Upon information and belief, plaintiffs and their similarly situated co-workers, who were paid hourly, were not paid for an entire hour if they were more than 20 minutes late and paychecks were subject to deductions for lateness.

9

51.    Upon information and belief, plaintiffs and their similarly situated co-workers who were servers were charged for walk-outs and returned items; they were subject to deductions from pay or cash fines.

52.    Plaintiffs and their similarly situated co-workers, at times, worked more than forty (40) hours per week but were not paid the lawfully required overtime premium pay for their overtime work.

53.    Upon information and belief, back of the house employees, including line cooks, prep cooks, dishwashers and assistant chefs ("BOH") were required to work at least six days per week and, at times, are not paid wages sufficient to meet the minimum wage.

54.    Upon information and belief, BOH employees were regularly not paid premium overtime pay for work hours in excess of 40 per week.

55.    Plaintiffs and their similarly situated co-workers were, at times, required to work more than ten (10) hours over the course of a work day and were not paid any "spread of hours" pay.

56.    Upon information and belief, the gratuities paid to front of the house employees, including servers, runners and bussers ("FOH"), were, at least in part, misdirected to defendants.

57.    Upon information and belief, plaintiffs and their similarly situated co-workers did not receive all of the gratuities to which they were entitled.

58.    Throughout the relevant period, defendants failed to keep accurate records of the hours worked by employees, including the total number of hours worked each day and each week.

59. Throughout the relevant period, defendants failed to keep accurate records of the gratuities earned by FOH employees.

60. Upon information and belief, defendants failed to provide putative class members with a wage notice as required by the NYLL.

61. Upon information and belief, defendants failed to provide putative class members with accurate wage statements as required by the NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

62. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 61 of this Complaint.

63. At all relevant times, defendants were plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

64. At all relevant times, defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

66. Defendants failed to pay plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. § 206(a).

67. Defendants' failure to pay plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

69.    Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 68 of this Complaint.

70.    Defendants failed to pay plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

71.    Defendants' failure to pay plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72.    Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### Violation of the New York Minimum Wage Act

73.    Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 72 of this Complaint.

74.    At all relevant times, defendants were plaintiffs' and the putative class members' employer within the meaning of the NYLL §§ 2 and 651.

75.    Defendants willfully failed to pay plaintiffs at the applicable minimum hourly rate, in violation of the NYLL for each hour worked.

76.    Defendants failed to provide wage notices and accurate wage statements as required by the NYLL.

77.    Plaintiffs have been damaged in an amount to be determined at trial.

12

## AS AND FOR A FOURTH CAUSE OF ACTION

### Violation of the Overtime Provisions of the NYLL

78.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 77 of this Complaint.

79.     Defendants willfully failed to pay plaintiffs and the putative class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the NYLL.

80.     Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Spread of Hours

81.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 80 of this Complaint.

82.     Defendants failed to pay plaintiffs and the putative class members one additional hour pay at the basic minimum wage rate for each day such plaintiff's spread of hours exceeded ten in violation of NYLL §§ 190 *et seq.* and §§ 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.4 and the previous 137-1.7 and 137-3.11.

83.     Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION

### Violation of the FLSA: Tips and Service Charges

84.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 83 of this Complaint.

85.     Plaintiffs and the putative class members have not been allowed to keep all of their earned gratuities and service charges and such gratuities and service charges have been misdirected to non-service workers and management in violation of FLSA, 29 U.S.C. § 203 (m).

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Violation of the NYLL § 196(d): Tips and Service Charges

86.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 85 of this Complaint.

87.     Plaintiffs and the putative class members have not been allowed to keep all of their earned gratuities and service charges and such gratuities and service charges have been misdirected to non-service workers and management in violation of NYLL §§ 190 *et seq.*

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### Violation of the NYLL § 193

88.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 87 of this Complaint.

89.     Plaintiffs and the putative class members' wages are subject to unlawful deductions for lateness and non-payment by a customer.

90.     Such deductions constitute an unlawful deduction from wages in violation of NYLL § 193 and a violation of the New York State Minimum Wage Order for the Hospitality Industry, N.Y. Comp. Codes R. & Regs., Title 12 § 146 2-7 and the previous Title 12 § 137 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and those who opt-in to this action respectfully request that this Court grant the following relief:

14

A.      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.      Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 for all putative class members for applicable claims under NYLL;

C.      Awarding plaintiffs damages for the amount of unpaid wages, misdirected tips, minimum wages, overtime premiums, unlawful deductions and spread of hours pay under the FLSA and/or NYLL;

D.      Awarding plaintiffs liquidated damages in an amount equal to the minimum wage and overtime compensation owed pursuant to 29 U.S.C. § 216(b) and equal to all violations pursuant to the NYLL;

E.      Declaring defendants' conduct complained of herein to be in violation of the plaintiffs' and the Class's rights as secured by the NYLL;

F.      Directing defendants to compensate plaintiffs for all hours worked at the minimum wage;

G.      Directing defendants to pay overtime premium pay to plaintiffs;

H.      Directing defendants to pay "spread of hours" pay;

I.      Directing defendants to pay the amount of the tip pool misappropriated to management;

J.      Directing defendants to compensate plaintiffs for all unlawful deductions;

15

K.   Awarding plaintiffs pre-judgment interest as permitted under the law;

L.   Awarding plaintiffs the costs of this action together with reasonable attorneys' fees; and,

M.   Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Jericho, New York
      March 27, 2012

Respectfully submitted,

By: _____

Lizabeth Schalet
schalet@lipmanplesur.com
Robert D. Lipman
lipman@lipmanplesur.com
David A. Robins
robins@lipmanplesur.com
Lipman & Plesur, LLP
500 North Broadway, Suite 105
Jericho, NY  11753-2131
Telephone:   (516) 931-0050
Facsimile:   (516) 931-0030

16