UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDIA RODRIGUEZ, KRISTIN EWING and
JEREMIAH STANFIELD, Individually, On Behalf
of All Others Similarly Situated and As Class
Representatives,

Plaintiffs,

- against -

723 EDIBLES, INC. D/B/A TSQ BRASSERIE,
DAVID EDIBLES, INC. D/B/A ROXY
DELICATESSEN, COCO'S DELI, INC. D/B/A
BENASH DELICATESSEN, FAMOUS TIMES
SQUARE BBQ, LLC D/B/A FAMOUS DAVE'S,
42ND ST BARBEQUE, LLC D/B/A FAMOUS
DAVE'S, 55TH ST. ENTERPRISES LLC D/B/A
CITY 55/FIFTY FIVE, JOSEPH BENMOHA,
SAMMY BENMOHA, JACOB BENMOHA,
SOLOMON BENMOHA, and MARIE
BENMOHA

Defendants.

INDEX: 12-CV-2438
(PAE)

---

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS COMPLAINT
## PURSUANT TO RULE 12(b)(6)

---

LEEDS MORELLI & BROWN P.C.
One Old Country Rd. Suite 347
Carle Place, New York 11514
Tel: 516-873-9550
Fax: 516-747-5024

*Counsel for Defendants*

## TABLE OF CONTENTS:

PRELIMINARY STATEMENT ..................................................................................1

FACTS ...............................................................................................................1

ARGUMENT ......................................................................................................2

I.      THE PLEADING STANDARD UNDER FRCP 12(B)(6) ...........................2

II.     FAILURE TO SUFFICIENTLY ALLEGE EMPLOYMENT BY

        DEFENDANTS ..................................................................................3

        A. Failure to Identify Which Defendant Employed Plaintiffs .....................3

        B. Failure to Allege a Joint Enterprise ...............................................4

III.    FAILURE TO PLEAD SUFFICIENT FACTS TO

        STATE A MINIMUM WAGE AND OVERTIME CLAIM .........................5

        A. Failure to Plead Minimum Wage Violations ......................................6

        B. Failure to State a Claim for Overtime Violations ...............................7

IV.     FAILURE TO STATE A SPREAD OF HOURS CLAIM ...........................9

V.      FAILURE TO PLEAD A TIPS VIOLATION .......................................9

VI.     FAILURE TO PLEAD AN IMPROPER DEDUCTIONS CLAIM .............10

CONCLUSION ................................................................................................11

i

**Table of Authorities:**

**Federal Cases:**                                                     Page:

Ashcroft v. Iqbal,

  129 S. Ct. 1937 (2009)…………………………………..……..…passim

Attanasio v. Cmty. Health Sys., Inc.,

  2011 WL 5008363 (M.D. Pa. Oct. 20, 2011)…………………………….……6, 7

Beaulieu v. Vermont,

  2010 WL 3632460 (D. Vt. Aug. 5, 2010)………………….………………………6, 7

Bell Atlantic v. Twombly,

  550 U.S. 544 (2006)………………………………………………….…passim

Cannon v. Douglas Elliman, LLC,

  2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007)…………………….…………5

Cavallaro v. UMass Mem'l Healthcare, Inc.,

  678 F.3d 1, 7-8 (1st Cir. 2012)……………………………………………..4

Davis v. Abington Mem'l Hosp.,

  817 F. Supp. 2d 556, 564 (E.D. Pa. 2011)……………………………………4

Day An Zhang v. L.G. Apparel Inc.,

  2011 WL 900183 (E.D.N.Y. Feb. 18, 2011)…………………………………4, 5, 8

DeSilva et al. v. North Shore-Long Island Jewish Health System, Inc. et al.,

  770 F. Supp. 2d 497 (E.D.N.Y. 2011)………………………………….…..8

Moran v. GTL Const., LLC,

  2007 WL 2142343 (S.D.N.Y. July 24, 2007)………………………….....2, 3, 8

Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,

  2011 WL 321186 (S.D.N.Y. Jan 28, 2011)………………………………3, 4, 6, 8

Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,

  102 F.3d 660 (2d Cir.1996)………………………………………………...2

Nichols v. Mahoney,

  608 F.Supp.2d 526 (S.D.N.Y. 2009)…………………………………………6, 7

Snyder v. Fantasy Interactive, Inc.,

  2012 WL 569185, at *4 (S.D.N.Y. Feb. 9, 2012)……………………………6, 7

Wolman v. Catholic Health Sys. of Long Island,
    2012 WL 566255 (E.D.N.Y. Feb. 16, 2012)..............................................5
Zaldivar v. Anna Bella's Cafe, LLC,
    2012 WL 642828 (E.D.N.Y. Feb. 28, 2012)...............................................3
Zhong v. August Corp.,
    498 F. Supp. 2d 625 (S.D.N.Y. 2007)...........................................5, 6, 7, 8

**Federal Statutes:**

29 U.S.C. § 203(m)........................................................................2, 9, 10
29 U.S.C. § 206..................................................................................2
29 U.S.C. § 207..................................................................................2

**State Statutes:**

6 N.Y. Lab. L. § 193.......................................................................2, 10
6 N.Y. Lab. L. § 196-d...................................................................2, 9, 10
N.Y. Comp. R. & Regs. Tit. 12 § 142-2.4.................................................10

## PRELIMINARY STATEMENT

Defendants submit this memorandum in support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs' Complaint alleges violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid wages, unlawfully retained gratuities, and improper deductions. Plaintiffs have failed to plead basic facts, such as which restaurant they worked at, the hours they worked, their rates of pay, and the basis for their gratuity claim. The Complaint contains vague allegations, based on "information and belief," to recover damages for a putative class of front and back-of-the-house employees who worked at one of six separately managed restaurants. Plaintiffs' vague assertions fail to comply with the pleading standard iterated in Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2006) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, Plaintiffs' Complaint must be dismissed.

## FACTS[1]

Plaintiffs Claudia Rodriguez, Kristin Ewing, and Jeremiah Stanfield (collectively "Plaintiffs") assert claims against six restaurants, (1) TSQ Brasserie, (2) Roxy Delicatessen, (3) Benash Delicatessen, (4) Famous Dave's Times Square, (5) Famous Dave's 42nd St., and (6) City 55, and Joseph Benmoha, Sammy Benmoha, Jacob Benmoha, and Marie Benmoha (collectively "Defendants").[2] (See Compl. ¶¶ 8-18, 27-32). Plaintiffs allege that they worked as servers for Defendants between March 2011 and February 2012, but do not identify at what restaurant they worked. (See Compl. ¶¶ 5-7).

---

[1] The "facts" for purposes of this motion are drawn from the allegations in the Complaint.

[2] Plaintiffs name both Sammy Benmoha and Soloman Benmoha as Defendants, however Sammy and Soloman are the same person.

Plaintiffs assert the following claims: (1) failure to pay minimum wage for all hours worked, in violation of 29 U.S.C. § 206; (2) failure to pay overtime compensation, in violation of 29 U.S.C. § 207; (3) failure to pay minimum wage for all hours worked, in violation of the NYLL; (4) failure to pay overtime compensation, in violation of the NYLL; (5) failure to pay spread of hours, in violation of NYLL; (6) unlawful retention of earned gratuities, in violation of 29 U.S.C. § 203; (7) unlawful retention of earned gratuities, in violation of the NYLL; (8) unlawful deductions, in violation of NYLL § 193. (Compl. ¶¶ 66, 70, 75, 79, 82, 85, 87, 89-90). Plaintiffs purport to bring these claims on behalf of themselves and other similarly situated employees who worked at all named restaurants as servers, runners, bussers, bartenders, line cooks, prep cooks, dishwashers, and assistant chefs for Defendants. (See Compl. ¶1).

## ARGUMENT

### I. STANDARD UNDER FRCP 12(B)(6)

When considering a motion to dismiss for failure to state a claim, the court "must view all allegations raised in the complaint in the light most favorable to the non-moving party ... and 'must accept as true all factual allegations in the complaint.'" Moran v. GTL Const., LLC, 2007 WL 2142343, at *1 (S.D.N.Y. July 24, 2007) (quoting Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996)). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

2

129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " Ashcroft, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

"Although the Court must accept all allegations as true, this tenet is inapplicable to legal conclusions." Zaldivar v. Anna Bella's Cafe, LLC, 2012 WL 642828, at *3 (E.D.N.Y. Feb. 28, 2012) (internal citations omitted). Simply pleading legal conclusions will not prevent dismissal. Moran, 2007 WL 2142343, at *2. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555); Zaldivar, 2012 WL 642828, at *3. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949; Zaldivar, 2012 WL 642828, at *3.

## II. FAILURE TO SUFFICIENTLY ALLEGE EMPLOYMENT BY DEFENDANTS

### A. Failure to Identify Which Defendant Employed Plaintiffs

Plaintiffs name six corporate entities and four individuals as Defendants in this action. However, Plaintiffs fail to allege which restaurant or individual Defendant employed them. A plaintiff in a wage and hour lawsuit must allege specific details regarding their employment by the entities and individuals named as defendants. See Nakahata v. New York–Presbyterian Healthcare System, Inc., 2011 WL 321186, at *4

(S.D.N.Y. Jan. 28, 2011); <u>Davis v. Abington Mem'l Hosp.</u>, 817 F. Supp. 2d 556, 564 (E.D. Pa. 2011) ("[W]ere the Court to permit the Plaintiffs to proceed without identifying where they worked or in what capacity, Defendants would be forced to guess which of their many business relationships gave rise to FLSA liability."); <u>see also</u> <u>Cavallaro v. UMass Mem'l Healthcare, Inc.</u>, 678 F.3d 1, 7-8 (1st Cir. 2012) ("some direct employer needs to be identified before anyone in the group could be liable on the theory that some or all were responsible . . . A number of courts have made clear that they will not put up with game-playing omissions of plainly relevant detail"). When multiple defendants are named, the complaint must, at least, identify which defendant employed plaintiffs. <u>See</u> <u>Nakahata</u>, 2011 WL 321186, at *4 ("The complaints are deficient due to the failure to specify which entity, among the many named defendants, employed the respective plaintiffs. Certainly if one entity did not pay an employee for overtime, that is an insufficient basis for naming every other.").

Here, Plaintiffs have alleged no facts establishing which, if any, Defendants are Plaintiffs' employers. The Complaint does not identify the entity, or entities, at which the named Plaintiffs worked. This alone is grounds to dismiss Plaintiffs' claims. <u>See</u> <u>id</u>.

### B. Failure to Allege a Joint Enterprise

Plaintiffs fail to allege Defendants operated a joint enterprise. When a plaintiff attempts to impose liability on multiple corporate defendants for the same labor violations, the plaintiff must allege sufficient facts demonstrating defendants operated as a joint enterprise. <u>Day An Zhang v. L.G. Apparel Inc.</u>, 2011 WL 900183, at *4 (E.D.N.Y. Feb. 18, 2011) (dismissing complaint because plaintiff failed to allege defendants exercised common control over plaintiff's employment). Merely alleging that defendants

4

have common ownership or are an integrated enterprise is insufficient to establish defendants as joint employers. <u>Wolman v. Catholic Health System of Long Island, Inc.</u>, 2012 WL 566255, at *5 (E.D.N.Y. Feb. 16, 2012); <u>Cannon v. Douglas Elliman, LLC</u>, 2007 WL 4358456, at 4 n. 3 (S.D.N.Y. Dec. 10, 2007) (holding "pleading a joint venture does not trigger joint employer status because it is possible for joint ventures to separately employ different people").

Plaintiffs do not allege facts establishing Defendants as a joint enterprise. There are no allegations establishing that Plaintiffs worked for each Defendant, that all Defendants jointly employed the workers, or that Defendants exercised common control over Plaintiffs. Without this information, Plaintiffs have not sufficiently plead that Defendants operated a joint enterprise. <u>See</u> <u>Zhang</u>, 2011 WL 900183, at *4; <u>Cannon</u>, 2007 WL 4358456, at 4 n. 3. Plaintiffs' allegations that Defendants operate as an "umbrella group," are a "single enterprise," and are "joint employers" are insufficient to establish a joint enterprise. (Compl. ¶¶ 20, 37, 38); <u>see</u> <u>Wolman</u>, 2012 WL 566255, at *5. The Complaint simply pleads legal conclusions, with no substantiating facts. Accordingly, the Complaint should be dismissed as to all Defendants.

## III. FAILURE TO PLEAD SUFFICIENT FACTS TO STATE MINIMUM WAGE AND OVERTIME CLAIMS

Plaintiffs allege a failure to pay minimum and overtime wages under both the FLSA and the NYLL. Plaintiffs have failed to allege sufficient facts to meet the pleading burden for these claims. District courts in the Second Circuit have further detailed the pleading standard for claims under the FLSA. "Where the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least, approximately allege the hours worked for which these wages were not received." <u>Zhong</u>

v. August August Corp., 498 F.Supp.2d 625, 628 (S.D.N.Y.2007); see also Beaulieu v. Vermont, 2010 WL 3632460, at *4 (D. Vt. Aug. 5, 2010). The same requirements apply actions alleging violations of NYLL minimum and overtime wage provisions. See Snyder v. Fantasy Interactive, Inc., 2012 WL 569185, at *4 (S.D.N.Y. Feb. 9, 2012); Nakahata, 2011 WL 321186, at *4; Nichols v. Mahoney, 608 F.Supp.2d 526, 548 (S.D.N.Y. 2009).

To defeat a motion to dismiss in an FLSA and NYLL action, plaintiffs must demonstrate "they worked a concrete number of hours for which they were improperly compensated." Beaulieu, 2010 WL 3632460, at *5. This requires the complaint to allege the applicable rate of pay and the approximate number of hours worked, for which regular and overtime wages are owed. Nakahata, 2011 WL 321186, at *4 (the complaint "must set forth the approximate number of unpaid regular and overtime hours allegedly worked"); Attanasio v. Cmty. Health Sys., Inc., 2011 WL 5008363, at *7 (M.D. Pa. Oct. 20, 2011); Beaulieu, 2010 WL 3632460 at *5; Nichols, 608 F.Supp.2d at 547; Zhong, 498 F.Supp.2d at 629. It is insufficient to simply state that plaintiff was not paid minimum or overtime compensation. See Nakahata, 2011 WL 321186, at *4; Zhong, 498 F.Supp.2d at 630.

## A. Failure to Plead Minimum Wage Violations

Plaintiffs' Complaint lacks any factual basis to substantiate Plaintiffs' minimum wage claims. The Complaint omits factual allegations detailing the Plaintiffs' rates of pay, the circumstances under which they did not receive minimum wage, the dollar amount of the underpayments, or the number of hours allegedly worked and not paid minimum wage. See Attanasio, 2011 WL 5008363, at *7; Beaulieu, 2010 WL 3632460 at *5; Nichols, 608 F.Supp.2d at 547; Zhong, 498 F.Supp.2d at 629. Plaintiffs simply

conclude, based on nothing but "information and belief," that they "were not paid for all hours worked or the minimum wage." (Compl. ¶ 46). Absent from the Complaint are any facts which support this allegation. Plaintiffs merely make vague assertions that they were "shorted" hours, "Defendants failed to pay the hourly wage for entire shifts," and that back-of-the-house employees were "not paid wages sufficient to meet the minimum wage." (Compl. ¶¶ 46-47, 53). Plaintiffs rely on a "formulaic recitation of the elements" to support their claims. Iqbal, 129 S.Ct. at 1949. Such, conclusory statements are insufficient to state a cause of action for minimum wage violations. Id. Thus, Plaintiffs claims for minimum wage violations under the FLSA and NYLL should be dismissed.

### B. Failure to State a Claim for Overtime Violations

Plaintiffs have failed to allege sufficient facts to state a claim for violations of the FLSA and NYLL overtime wage provisions. An approximation of the number of overtime hours the Plaintiffs worked is required to adequately plead overtime violations. See Snyder, 2012 WL 569185, at *1-2 (holding plaintiff failed to plead a viable FLSA claim because she did not allege the number of overtime hours worked); Attanasio, 2011 WL 5008363, at *7; Beaulieu, 2010 WL 3632460, at *5; Nichols, 608 F.Supp.2d at 547; Zhong, 498 F.Supp.2d at 629. Merely alleging plaintiffs worked in excess of 40 hours per week is insufficient to state an overtime claim. Zhong, 498 F. Supp. 2d at 630.

The Complaint contains no facts indicating that Plaintiffs worked overtime, other than the conclusory allegations that "Plaintiffs . . . worked more than forty (40) hours per week" and that back-of-the-house employees "were regularly not paid premium overtime pay for work hours in excess of 40 per week." (See Compl. ¶¶ 52, 54). These allegations are the epitome of conclusory allegations. The Complaint lacks facts indicating

7

approximately how many hours these employees worked per week or how many hours they were allegedly not paid overtime compensation. Plaintiffs merely state that they worked overtime and were not compensated properly for it. (See Compl. ¶¶ 52, 54). Simply pleading these legal conclusions and reciting the elements of an overtime claim, without more, is insufficient to defeat Defendants' motion to dismiss. See Iqbal, 129 S.Ct. at 1949; Moran, 2007 WL 2142343, at *2; Zhong, 498 F.Supp.2d at 630. Therefore, Plaintiffs claims for overtime wage violations should be dismissed.

Courts in this Circuit regularly dismiss wage and hour actions under the FLSA and NYLL which utilize boilerplate allegations instead of providing basic facts. See Nakahata, 2011 WL 321186, at *4  (dismissing complaint for failure to plead when the unpaid wages were earned, the number of unpaid hours worked, or their rates of pay); Zhang, 2011 WL 900183, at *4 (dismissing complaint that only alleged plaintiff worked over 40 hours per week and said "nothing about how much she was compensated . . . or even approximately how many overtime hours she worked."); DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc., 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011) (complaint was deficient because there were no "allegations about when the alleged unpaid wages were earned . . . or the number of hours allegedly worked without compensation"); Zhong, 498 F. Supp. 2d at 630 (holding merely alleging plaintiffs worked in excess of 40 hours per week is insufficient to state a claim under the FLSA).

Plaintiffs' Complaint is akin to a boilerplate complaint that fails to allege the essential facts to support its minimum wage and overtime claims. As a result, Plaintiffs' claims must be dismissed.

8

## IV. FAILURE TO STATE A SPREAD OF HOURS CLAIM

Plaintiffs fail to allege sufficient facts to state a "spread of hours" claim under New York Codes Rules and Regulations ("NYCRR") § 142-2.4. NYCRR §142-2.4 provides that: "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

The Complaint includes no factual assertions supporting a claim for spread of hours. Plaintiffs rely on the bare allegation that they "were required to work more than 10 hours per day and were not paid spread of hours pay." (Compl. ¶ 55). The Complaint does not indicate how many hours Plaintiffs worked per day or what dates Plaintiffs allegedly earned spread of hours pay. Plaintiffs' Complaint contains no supporting factual allegations making their claim anything more than speculative. Plaintiffs' spread of hours claim is merely a "naked assertion devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Such assertions fail to meet the pleading standard and Plaintiffs' spread of hours claim should thus be dismissed.

## V. FAILURE TO PLEAD A TIPS VIOLATION

Plaintiffs fail to state a claim for unlawful retention of gratuities under FLSA 29 U.S.C. § 203(m) and NYLL § 196. To allege a violation of the FLSA's tip credit provision, a plaintiff must allege that they did not retain all tips received by them during the course of their employment. See 29 U.S.C. § 203(m). New York Labor Law § 196-d prohibits an employer from demanding or accepting a part of the gratuities received by an employee or retaining a part of any charge purported to be a gratuity.

Plaintiffs rely on "threadbare recitals of the elements," instead of alleging facts, in order to plead their FLSA § 203(m) and NYLL § 196 claims. Iqbal, 129 S.Ct. at 1949. Plaintiffs state they "did not receive all of the gratuities to which they were entitled" and their gratuities were "misdirected to defendants." (Compl. ¶¶ 56-57). The Complaint lacks specific facts to support these elemental allegations. Plaintiffs provide no details regarding the process of receiving gratuities, how Defendants retained portions of Plaintiffs gratuities, or why Plaintiffs believe portions of their gratuities were retained by Defendants. Rather, Plaintiffs' assertions are vague recitals of the required elements of a FLSA § 203(m) and NYLL 196-d claim. These bare assertions are insufficient to elevate Plaintiffs' claim from possible to probable. See Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. As a result, Plaintiffs claim for violation of FLSA § 203(m) and NYLL § 196-d should be dismissed.

## VI. FAILURE TO PLEAD AN IMPROPER DEDUCTIONS CLAIM

Plaintiffs fail to meet the pleading burden for their claim of improper wage deductions under NYLL § 193. New York Labor Law § 193 provides that "[n]o employer shall make any deduction from the wages of an employee" except those permitted by law or authorized by the employee. The NYCRR prohibits deductions for: "(1) deductions for spoilage or breakage; (2) deductions for cash shortages or losses; (3) fines or penalties for lateness, misconduct or quitting by an employee without notice." N.Y. Comp.Codes R. & Regs. tit. 12 § 142–2.10.

Plaintiffs allege they "were not paid for an entire hour if they were more than 20 minutes late for a shift" (Complaint ¶ 50). It is not an improper deduction to not be "paid for an entire hour" when an employee does not work an entire hour. Plaintiffs' allegation

10

is devoid of any indication that employees were penalized or fined instead of just not being paid for time missed. When an employee is late for a shift they are not entitled to be paid for the entire hour, rather the employer is entitled to deduct the amount of time the employee was late, as they did not work during that time. Further, Plaintiffs allegation implies that they were still paid the entire hour so long as they were not more than 20 minutes late. Plaintiffs' allegation does not establish an improper deduction.

Plaintiffs also allege that Defendants improperly deducted their pay because they "were charged for walk-outs and returned items." (Compl. ¶ 51). This vague assertion is insufficient to state a claim under the pleading standard. Plaintiffs do not identify how much was deducted from their pay or how often such deductions were taken. Plaintiffs' bald assertions that Defendants made unlawful deductions are insufficient to raise Plaintiffs' "right to relief above the speculative level." See Twombly, 555 U.S. at 570. Therefore, Plaintiffs' claim for unlawful deductions should be dismissed.

## CONCLUSION

The allegations made by Plaintiffs fail to state a plausible claim for relief against Defendants. For the foregoing reasons, the court should dismiss Plaintiffs claims.


Dated: June 18, 2012
     Carle Place, New York         Respectfully Submitted,

                                     LEEDS MORELLI & BROWN, P.C.
                                     Attorneys for Defendant
                                     One Old Country Road, Suite 347
                                     Carle Place, New York 11514
                                     (516) 873-9550

                                     Rick Ostrove

11